# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

JAMES GRAY BENNITT, JR. and
KELLEY LEA BENNITT,

Debtors.

Case No. 2:11-bk-04053-SSC

Chapter 7

**MEMORANDUM DECISION HOLDING DEBTORS JAMES AND KELLEY BENNITT IN CONTEMPT FOR FAILURE TO COMPLY WITH CONSENT ORDER**

This matter came before the Court on the "Trustee's Application for Order to Show Cause Why the Debtors Should not be Held in Contempt of Court for Failure to Comply with Consent Order Resolving the U.S. Trustee's Order to Show Cause Against James and Kelley Bennitt for Failure to Comply with Consent Order and Turnover of Estate Asset in the Form of Insurance Proceeds Totaling $107,015.38" (the "OSC Application"), filed by David M. Reaves, as the duly appointed Chapter 7 trustee herein ("Trustee") on October 30, 2012. The Court set a hearing on the OSC Application for January 23, 2013. The Debtors failed to appear at the hearing on this matter, and failed to file a response to the Trustee's OSC Application.

As background in this case, on February 21, 2012, the United States Trustee ("UST") filed an "Application for Order to Show Cause by the United States Trustee as to Why the Debtors, James Gray Bennitt, Jr. and Kelley Lea Bennitt Should not be Held in Contempt for Failing to Comply with the Consent Order dated February 13, 2012 and why the Case should Not be Converted to a Proceeding Under Chapter 7 of the Bankruptcy Code" ("UST OSC Application"). The Consent order required the Debtors to turnover certain insurance proceeds in the amount of $107,015.38. On February 28, 2012, the Court held an initial hearing on the UST OSC Application, and converted the case to a Chapter 7. David M. Reaves was subsequently appointed as Chapter 7 Trustee. The Court continued the contempt proceedings on the issue of the insurance proceeds. Subsequent hearings were continued at the request of the UST as the parties attempted to resolve the matter.

On August 28, 2012, the Court entered a "Consent Order Resolving the U.S. Trustee's Order to Show Cause Against James and Kelley Bennitt for Failure to Comply with Consent Order and Turnover of Estate Asset in the Form of Insurance Proceeds Totaling $107,015.38" (the "Consent Order").[1] Pursuant to the Consent Order, the Debtors were to repay to the estate the $107,015.38 received by the Debtors in insurance proceeds, said proceeds being property of the estate. The Debtors were to repay the sum in equal monthly installments of $5,945.30. The Trustee received only one single payment from the Debtors in the sum of $5,945.30, with the Debtors then defaulting after the first payment.

On or about October 4, 2012, Trustee sent written notice to the Debtors of their default under the Consent Order, and informed the Debtors that the OSC

---

[1] See Docket Entry No. 204.

2
Case 2:11-bk-04053-PS    Doc 233    Filed 01/30/13    Entered 01/30/13 16:05:13    Desc
Main Document    Page 2 of 4

Application would be filed if the default was not cured within 15 days of the notice. The Trustee subsequently filed the OSC Application, and represented to the Court that the Debtors did not cure their defaults under the Consent Order, and that the current balance owing under the Consent Order is $101,070.08.

The record reflects that the Debtors did, in fact, receive notice of the OSC Application and notice of the January 23, 2013 hearing thereon, but failed to appear. Moreover, counsel for the Debtors informed the Court that counsel had also personally advised the Debtors of the significance of the January 23 hearing and the need to appear. According to Debtors' counsel, Mr. Bennitt advised his counsel of his intent NOT to appear.

The Ninth Circuit has held that 11 U.S.C. § 105 grants the bankruptcy court the power to hold parties in civil contempt. In re Rainbow Magazine, Inc., 77 F.3d 278, 285 (9th Cir. 1996); In re Dyer, 322 F.3d 1178 (9th Cir. 2003); In re A & E Family Investment, LLC, 359 B.R. 249, 259 (Bankr. D. Ariz. 2007). The bankruptcy court has the power to enter "necessary or appropriate orders" under its inherent power to impose sanctions against a party who willfully disobeys a court order or acts in bad faith. 11 U.S.C. § 105; In re Deville, 280 B.R. 483 (9th Cir. BAP 2002). Moreover, the Court has the power to incarcerate an individual for failure to obey an order of the court until the offender complies with the order. In re Dyer, 322 F.3d 1178, 1193 (9th Cir. 2003).

In this case, the Court finds that the Debtors have willfully disobeyed the August 28, 2012 Consent Order by failing to make the required installment payments. In addition, the Debtors have received notice of the OSC Application, and its legal ramifications, and have failed to appear and respond to the serious allegations made against them.

Based upon the foregoing,

3

**IT IS ORDERED** granting the Trustee's OSC Application. The Court certifies that the Debtors are in contempt of the Consent Order.

**IT IS FURTHER ORDERED** that in order to purge this contempt, the Debtors must pay to the Trustee, on behalf of this estate, **on or before February 22, 2013,** the sum of $101,570.08 (representing the outstanding balance owing under the Consent Order, plus the sum of $500.00 to compensate this estate for fees and costs incurred in connection with the OSC Application), unless other arrangements are agreed to in writing by the Trustee and the U.S. Trustee.

**IT IS FURTHER ORDERED** that a further hearing shall be held before this Court on **February 26, 2013, at 1:30 p.m.**, to determine whether the Debtors have complied with this Order. **The Debtors' failure to purge their contempt on or before February 22, 2013, or to otherwise comply with this Order, shall result in the issuance of a civil warrant for the arrest of the Debtors, among other sanctions.**

**IT IS FURTHER ORDERED** directing the Clerk's Office to provide notice of this Memorandum Decision to the Debtors, Debtor's counsel, the Chapter 7 Trustee and all interested parties.

DATED this 30th day of January, 2013

*/s/ Sarah Sharer Curley/*

Honorable Sarah Sharer Curley
United States Bankruptcy Judge